IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18 CV 00608-FDW-DSC

THE UNITED STATES OF AMERICA for the use and benefit of PIEDMONT STRUCTURAL COMPANY,

    Plaintiff,

vs.

RAI INDUSTRIAL FABRICATORS LLC, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and PHILADELPHIA INDEMNITY INSURANCE COMPANY,

    Defendants.

RAI INDUSTRIAL FABRICATORS LLC,

    Third-Party Plaintiff,

vs.

ARCHER WESTERN CONSTRUCTION LLC and PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,

    Third-Party Defendants,

**CONSENT PROTECTIVE ORDER**

IN ACCORDANCE WITH the Pretrial Order and Case Management Plan entered by this Court December 17, 2019, the Court enters the following Consent Protective Order in this matter. For represented parties, counsel is ordered to provide a copy of this Order to each party.

1. **General Scope of Order**

The Parties anticipate that documents, testimony, or information containing or reflecting personal, confidential, proprietary, and/or other sensitive information are likely to be disclosed or produced during the course of discovery in this case. This Order establishes certain procedures for the disclosure and production of confidential material in this case. This Order is not intended to protect contract documents, design documents, requests for payment, general correspondence exchanged between the parties facilitating construction of either the ATCT project or the TRACON project (or both), timesheets, requests for information (RFIs), or other documents as are normally created to facilitate construction of a project.

2. **DEFINITIONS.**

   a. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

   b. "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

   c. "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

   d. "Designating Party" means any Party or other third-party entity that designates any disclosed or produced Discovery Material and Protected Material in this case.

   e. "Protected Material" means any Discovery Material that is designated as "confidential", as provided for in this Order, as well as any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or their counsel in Court or in any

2

other setting that might reveal such information. Protected Material shall not include:

    (i)     Materials that are publicly available;

    (ii)    Payment applications;

    (iii)   Contracts or subcontracts

    (iv)   Change orders;

    (v)    Requests for information;

    (vi)   Plans and specifications;

    (vii)   Construction meeting minutes; *and*

    (viii)  Daily diary or log entries concerning the Project.

**f.** "Protected Material" may include job cost reports and other sensitive financial and/or accounting documents created in connection with the Project.

**g.** "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**h.** "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

**3. COMPUTATION OF TIME.**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

**4. SCOPE.**

**a.** Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing so long as appropriate actions are taken to protect any Protected Material's confidentiality, such as redaction of personal identifying information and /or the filing the Protected Material under seal where consistent with the Local Rules of the Court.

**b.** This Order is without prejudice to the right of any Designating Party to seek further or additional protection of any Discovery Material or to modify this Order in any

way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION.**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

a. **Basic Principles**. All Protected Material shall be used only for prosecuting, defending, or attempting to settle this case and any related appellate proceedings. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b. **Secure Storage**. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c. **Limitations.** Nothing in this Order shall restrict in any way a Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided to the Receiving Party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Designating Party; (v) to an individual who prepared the Discovery Material; or (vi) pursuant to Order of the Court.

7. **DESIGNATING PROTECTED MATERIAL.**

a. **Available Designations**. Any Producing Party may designate Discovery Material it produces as confidential, and any Party may designate any Discovery Material, regardless of its source, as confidential, provided that it meets the requirements for such designation as provided for herein.

b. **Written Discovery and Documents and Tangible Things**. Written discovery,

documents (which include "electronically stored information") and tangible things that meet the requirements for designation as confidential may be so designated by placing the designation "confidential" on every page of the written material, for which such designation is appropriate, prior to production. In the event that original documents are produced for inspection, the original documents shall be presumed confidential during the inspection and re-designated, as appropriate during the copying process.

      **c.**      **Depositions and Testimony**. Parties or testifying persons or entities may designate all or portions of depositions and other testimony as confidential by indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated, by page and line number, within thirty days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed confidential until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any person that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen days, or else the transcript may be treated as non-confidential. Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Order. In the event the deposition is video recorded, the original and all copies of the video shall be marked by the video technician to indicate that the contents of the video are subject to this Order, substantially along the lines of "This video contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access

Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL."**

    **a.** To the extent reasonably possible, each Party or non-party that designates information or items as Protected Material must take care to limit any such designation to specific material that qualifies under the appropriate legal standards. The Parties agree that, where it would not be cost effective to review every document for confidentiality issues, the Parties may designate an entire group of documents as confidential, including, but not limited to, e-mails or other electronically stored information. If the opposing Party, upon review, feels that a particular document is not properly designated as confidential, he or she may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement the Parties may seek Court relief as provided herein.

    **b.** A Party or non-party that produces Discovery Material may designate Discovery Material as "confidential" if it contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

    **c.** Unless otherwise ordered by the Court or agreed to by the Designating Party, Protected Material may be disclosed only to the following:

        **i.** The Parties themselves, corporate officers and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action.

        **ii.** The Receiving Party's in-house and Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

        **iii.** Any outside expert(s) or consultant(s) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert(s) or consultant(s) agree to be bound by the provisions of the Order by signing a copy of Exhibit A.

    **iv.**  Translators of or into foreign languages who are not employed by or affiliated with any of the Parties, but are retained only to provide translations of any material designated as confidential, having first agreed to be bound by the provisions of the Order by signing a copy of Exhibit A.

    **v.**  Court reporters, stenographers and videographers retained to record testimony taken in this action.

    **vi.**  The Court, jury, and court personnel.

    **vii.**  Deposition and trial witnesses.

    **viii.**  Potential witnesses with percipient knowledge of facts relevant to the action to whom disclosure is reasonably necessary.

    **ix.**  Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Order by signing a copy of Exhibit A.

    **x.**  Any vendors hired by a Party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor signs the certificate attached as Exhibit A.

    **xi.**  Any persons who appear on the face of the designated Protected Material as an author, addressee or recipient thereof or where specific documentary or testimonial evidence establishes that the designated Protected Material was authored or received by the person.

    **xii.**  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order.

    **xiii.**  All Discovery Materials shall be used only for purposes of this litigation regardless of whether they are designated as "Confidential" subject to the same limitations set forth in Paragraph 6(c).

**9.**  **MOCK JURORS.**

  A Party may not disclose to mock jurors any original, as-produced materials or

information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as confidential unless that mock juror has signed a copy of Exhibit A. Mock Jurors shall not be permitted to take any Discovery Material with them at the end of the exercise and may not at any time take Discovery Materials out of the offices where the mock trial is conducted.

**10. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL.**

**a.** A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**b.** Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Designating Party with copies to all counsel of record in this case, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

**i.** The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Designating Party claiming protection in a good faith effort to resolve the dispute. The Designating Party shall have the burden of justifying the disputed designation.

**ii.** Absent agreement, the Parties' recourse is to file, within five calendar days of the communication of no change to designations, a joint letter with the Court requesting a ruling whether the Discovery Material in question is entitled to the status and protection of the Designating Party's designation. The Designating Party shall have the burden of justifying the disputed designation. In the event that the Court orders further briefing on the issue, the Parties will abide by any order of the Court as to the sequence and timing of the briefing. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over

discovery or disclosure of information;

   iii. Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as confidential under this Order until one of the following occurs: (a) the Designating Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**11. SUBPOENAS OR COURT ORDERS.**

If at any time a Receiving Party receives a subpoena from any court, arbitral, administrative, regulatory or legislative body, requesting Protected Material produced by another Party, the Party to whom the subpoena or other request is directed shall give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material. Nothing in this paragraph should be construed as permitting disclosure of Protected Material to any third party except as expressly provided in this Order.

**12. SHIPPING PROTECTED MATERIAL.**

When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized Parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

**13. UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL.**

  **a.** The inadvertent and/or unintentional production of documents (including both paper documents and electronically stored information) subject to protection by the

attorney-client privilege, work-product doctrine, or other protection from disclosure in discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production promptly after its discovery of the same.

b.  If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c.  The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

d.  The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

e.  The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

f.  This Order does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This Order also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in this agreement.

**14. INADVERTENT FAILURE TO DESIGNATE PROPERLY.**

a.  The inadvertent and/or unintentional failure by a Producing Party to

designate Discovery Material as confidential shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an inadvertent failure to designate materials as confidential, the Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy or return all Discovery Material that was not designated properly.

      **b.**      A Receiving Party shall not be in breach of this Order for any use of such inadvertently-non-designated or inadvertently-mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material as confidential pursuant to the terms of this Order.

**15.**      **INADVERTENT DISCLOSURE NOT AUTHORIZED BY STIPULATION.**

      **a.**      In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Designating Party whose Protected Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

      **b.**      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**16.**      **FINAL DISPOSITION.**

      **a.**      Not later than sixty days after the final disposition of this case, each Party shall return or destroy all Discovery Material. For purposes of this Order, "final

disposition" occurs after an order, mandate, or dismissal which finally terminates this action (including all appeals) with prejudice.

**b.** All Parties that have received any Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.

**17. MISCELLANEOUS.**

**a.** **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

**b.** **Termination of Matter and Retention of Jurisdiction**. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction for one year after termination of this matter to hear and resolve any disputes arising out of this Order.

**c.** **Successors**. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**d.** **Right to Assert Other Objections**. By entering into this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

**e.** **Actions to Protect Confidential Information.** In the event that the Court determines that there is an actual or threatened breach of this Order by the Party who received

Protected Material, the Parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the Party may be entitled at law or in equity.

     **f.**    **Burdens of Proof**. Nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

     **g.**    **Interpretation; Disputes**. The Court is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the Court.

**SO ORDERED**.  Signed: February 10, 2020

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the Western District of North Carolina in the case of Piedmont Structural Company v. RAI Industrial Fabricators LL et al., civil action 3:18-CV-00608-KDB-DSC. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my agent for service of process in connection with this action or any proceedings related to enforcement of this Order

Date: _____

City and State where sworn and signed:_____

Printed name _____ Signature: _____